. State of Maine *vs.* Arthur Messier et als.

Androscoggin.    Opinion February 27, 1909.

*Scire Facias.    Recognizance.    Non-joinder.    Ignis Fatuus Principal.*

The defendant was formally accused of an offense but another person was arrested upon the complaint and recognized under the defendant's name and defaulted the recognizance.

*Held:*    1.    That scire facias upon such recognizance could not be maintained against the defendant.

2.    Nor against the sureties because of the non-joinder of the real principal.

On report.    Judgment for defendants.

Scire facias on a defaulted recognizance in a liquor nuisance matter.    When the cause came on for hearing, an agreed statement of facts was filed and the case was then reported to the Law Court to determine whether or not the action was maintainable.

The case is stated in the opinion.

*Frank A. Morey,* County Attorney, for the State.

*Louis J. Brann,* for defendants.

Sitting: Emery, C. J., Whitehouse, Spear, Cornish, King, Bird, JJ.

Emery, C. J.    A complaint was made in the Lewiston Municipal Court against Arthur Messier for maintaining a liquor nuisance and a warrant issued against him.    Upon this warrant the officer arrested, not Arthur Messier, but another person, Oscar Messier, and brought him, Oscar, before the court for trial.    In the Municipal Court, Oscar Messier pleaded not guilty, waived examination, and recognized with sureties for his appearance at the Supreme Judicial Court to answer to the State.    He did all this under the name of Arthur Messier, the name in the complaint.    In the Supreme Judicial Court an indictment was returned against Arthur Messier in the same case upon the same facts.    Upon calling Arthur

Messier to answer to the indictment and save himself and sureties from default, he did not appear, the recognizance was defaulted, and this writ of 'scire facias issued against Arthur Messier and the sureties in the recognizance, and served upon him and them.    It is admitted that Arthur Messier at the time of issuing the warrant was not maintaining any nuisance, had no connection with the place described as a nuisance, but was in Massachusetts during all these proceedings.

It is evident that upon the facts admitted by the State there can be no judgment against Arthur Messier.  He did not recognize nor enter into any obligation to appear.    Can there be a judgment against the sureties in the recognizance?    Not in this suit.    They recognized, not with Arthur Messier, but with Oscar Messier and for the latter's appearance only.    They were not the only conusors.    Oscar was also a conusor and indeed the principal in the recognizance,    He should have been joined in the suit and served with process, with a recital of his alias.    For want of such joinder this suit must fail.    *State* v. *Chandler*, 79 Maine, 172.

Oscar Messier may be guilty of the common law offense of false personation and so not escape punishment, or perhaps he may be arrested and convicted upon the indictment, he having assumed the name of Arthur, but this suit against the real Arthur cannot be maintained, and according to the stipulation there must be,

*Judgment for the defendants.*